[No. 9,722. Department Two.—October 27, 1884.]

JAMES H. BROWNE, PETITIONER, v. M. L. DEXTER, COUNTY CLERK OF MONTEREY COUNTY, RESPONDENT.

CITIZENSHIP—EXPATRIATION.—A citizen of the United States may renounce his allegiance, and become a citizen of a foreign State or Kingdom.

ID.—OATH OF ALLEGIANCE TO A FOREIGN STATE.—Taking an oath of allegiance to a foreign State is an act of expatriation.

ID.—RIGHT OF REGISTRATION.—A person born in a foreign State, whose father was once a citizen of the United States, but renounced his allegiance before the birth of such person, is not a citizen of the United States, or entitled to registration as a voter.

PETITION for a mandamus to compel the county clerk of the county of Monterey to register the petitioner as a voter.

The facts appear in the opinion of the court.

*R. M. F. Soto*, for Petitioner.

*Wright & Cormac*, for Respondent.

THORNTON, J.—This is an application to compel the respondent to enter the name of petitioner on the great register of the county of Monterey as a voter.

The grand-parents of petitioner were native-born citizens of the State of New York, and removed therefrom to Canada in 1835, taking with them their child, then eleven years of age, which child subsequently became the father of petitioner. The said father of petitioner, after attaining majority, took the oath of allegiance to the Queen of Great Britain, voted, and held of-

fice. This oath was taken in January, 1858, before the birth of petitioner, which occurred in March, 1858. The petitioner and his father continued residents of Canada until their removal to this State, which occurred as follows : The petitioner in September, 1883, became, and has continued to be, a resident of Monterey county, and the father, about February, 1884, became a resident of the same county.

We are of opinion that the taking of the oath of allegiance in January, 1858, by the father of the petitioner, was an act of expatriation and denationalization, and made him a citizen of a foreign country. By such act, he renounced his allegiance to the United States. We have no doubt that he had a right when he took this oath to expatriate himself, to renounce his allegiance to the country of his birth, and to become a citizen of another State or Kingdom. On this point we refer to the case *In re Look Tin Sing*, 10 Saw. 353, where the right of expatriation is discussed, and in the views there expressed concerning it we concur.

That the act of taking the oath of allegiance made him a citizen of another country, is sustained by the admitted facts that he afterwards voted at public elections and held public offices in Canada.

The petitioner having been born after his father became a citizen of a foreign country, is not within the provisions of the Act of Congress of February, 1855, or of section 1993 Revised Statutes of the United States. These provisions only apply to the children born out of the limits and jurisdiction of the United States before or after the passage of the enactments referred to, whose fathers were, at the time of their birth, citizens of the United States.

It follows from the foregoing that the petitioner has never been a citizen of the United States, and therefore is not entitled to be registered as a voter.

The clause in section 2172, title xxx, of the Revised Statutes—" and the children of persons who now are or have been citizens of the United States shall, though born out of the limits and jurisdiction of the United States, be considered as citizens thereof," should not, in our opinion, be construed as changing the rule prescribed in section 1993. It should be read and

construed with the section last mentioned, that the father of such child must have been, at the time of its birth, a citizen of the United States. We cannot suppose that with the provisions of section 1993 before it, Congress intended in section 2172 to alter the rule prescribed in the former section, and to make the child of one who had renounced his citizenship in the United States, and assumed allegiance to another power, born after such renunciation and assumption, a citizen of the United States—in other words, to make a child born abroad, of an alien, a citizen of this country.

The writ must be denied, and it is so ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.